IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 16-00740 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| DIEGO CONTRERAS, | ) | |
| Defendant. | ) | |

**ORDER PERMITTING A.G. TO ALLOCUTE AT DEFENDANT'S SENTENCING HEARING**

Defendant Diego Contreras, a former Correctional Officer at the Honolulu Federal Detention Center, pled guilty to one count of making false statements to Department of Justice investigators, in violation of 18 U.S.C. § 1001. (ECF Nos. 11, 23). Defendant made false statements regarding his relationships with two female inmates.

A.G. is identified in the Presentence Report as a female former inmate at the Honolulu Federal Detention Center. (Presentence Report at p. 4, ECF No. 34). A.G. stated that she was in a relationship with the Defendant both while she was incarcerated and after she was released. (<u>Id.</u> at ¶ 17).

The Government requested that A.G. be permitted to

1

allocute at Defendant's sentencing hearing.  (Sentencing Statement at p. 6, ECF No. 35).  Defendant objected.

The Court **FINDS** that A.G. is permitted to allocute at Defendant's sentencing hearing.

## PROCEDURAL HISTORY

On November 22, 2016, the grand jury returned an Indictment charging Defendant with one count of making a false statement to Department of Justice investigators in violation of Title 18, United States Code, Section 1001.  (Indictment, ECF No. 11).

On January 19, 2017, Defendant pled guilty to the one count in the Indictment.  (ECF No. 23).

On May 8, 2017, the Probation Officer filed the PRESENTENCE INVESTIGATION REPORT.  (ECF No. 34).

On May 25, 2017, the Government filed the GOVERNMENT'S SENTENCING MEMORANDUM.  (ECF No. 35).

On May 31, 2017, Defendant filed DEFENDANT DIEGO CONTRERAS' SENTENCING MEMORANDUM.  (ECF No. 37).

On June 1, 2017, Defendant filed SUPPLEMENTAL EXHIBIT TO SENTENCING MEMORANDUM.  (ECF No. 38).

## BACKGROUND

Defendant Contreras engaged in inappropriate relationships with two female inmates while he was a Correctional Officer at the Honolulu Federal Detention Center. (Presentence Report at ¶¶ 8-9, ECF No. 34).

One of the former inmates, A.G., told investigators from the Department of Justice that she had been in a relationship with Defendant both while she was incarcerated and after she was released. (Id. at ¶ 17).

There was evidence of telephone calls and e-mails exchanged between Defendant and A.G. during and after her incarceration. (Id. at ¶¶ 11-12, 15).

On May 22, 2016, after A.G. was released from the Honolulu Federal Detention Center, A.G. posted a photograph of herself and Defendant on social media. (Id. at ¶ 8). The photograph was of the Defendant and A.G. in an affectionate pose. (Id.)

Defendant Contreras was interviewed by investigators and denied ever having a relationship with A.G. and denied communicating with her either by telephone or e-mail. (Id. at ¶ 13).

On November 22, 2016, an Indictment was returned against Defendant Contreras for making false statements about the relationships to Department of Justice investigators. (ECF

No. 11).

On January 19, 2017, Defendant Contreras pled guilty to the one count in the Indictment, pursuant to a Plea Agreement. (ECF No. 23).

During the Plea Hearing, the Government advised the Court that the investigation into Defendant Contreras involved allegations that the defendant was engaged in inappropriate relationships with female inmates at the Federal Detention Center (FDC) and that he had possibly committed the crime of Abusive Sexual Contact of a Ward, or a violation of 18 U.S.C. § 2244. (Presentence Report at Addendum, p. 17, ECF No. 34).

**ANALYSIS**

**I. A.G. Is Permitted To Allocute Pursuant To The Crime Victims' Rights Act**

In 2004, Congress enacted the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, which establishes eight different rights for crime victims in order to allow victims to participate in the criminal process. United States v. Burkholder, 590 F.3d 1071, 1074 (9th Cir. 2010).

The CVRA defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C.

4

§ 3771(e)(2)(A).

The CVRA provides a crime victim with the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. 18 U.S.C. § 3371(a)(4).

The Ninth Circuit Court of Appeals has found that a crime victim has the right to speak at the defendant's sentencing. Kenna v. U.S. District Court for the C.D. Cal., 435 F.3d 1011, 1013 (9th Cir. 2006).

Here, Defendant Contreras had inappropriate relationships with two different female inmates while he was a Correctional Officer at the Honolulu Federal Detention Center. He was convicted of making false statements to investigators from the Department of Justice who investigated the allegations of his relationships with the inmates. A.G. is one of the inmates with whom the Defendant had a relationship.

The Crime Victims' Rights Act defines a victim as one that was "directly and proximately harmed" as a result of the crime. The causation requirement encompasses the traditional "but-for" and proximate cause analyses. In Re Rendon Galvis, 564 F.3d 170, 174 (2d Cir. 2009). The necessary inquiry is a fact-specific one. Id.

A.G. stated that she was emotionally harmed by the

relationship with Defendant Contreras, in part due to the deceit required to conceal the relationship.  The Presentence Report indicates that A.G. provided false information to the Federal Detention Center officials in order to communicate with Defendant Contreras via e-mail while she was incarcerated.  (Presentence Report at ¶ 15, ECF No. 34).  The Presentence Report states that Defendant coerced A.G. to engage in the relationship and to conceal it.  (<u>Id.</u> at ¶ 17).

 A.G. was directly and proximately harmed as a result of Defendant's conduct that concealed their relationship from Department of Justice officials.  The Ninth Circuit Court of Appeals has found that a victim was directly and proximately harmed where the defendant was convicted of making false statements about the victim to federal officials.  <u>United States v. Pangelinan</u>, 656 Fed. Appx. 382, 383 (9th Cir. 2016) (finding aliens who had false visa applications filed with the government on their behalf qualified as victims as they were directly and proximately harmed by the defendant's false statements to federal government officials); <u>see</u> <u>United States v. Schurig</u>, 125 Fed. Appx. 833, 834 (9th Cir. 2005) (citing <u>United States v. De La Fuente</u>, 353 F.3d 766, 768 (9th Cir. 2003); <u>United States v. Sanga</u>, 967 F.2d 1332, 1333 (9th Cir. 1992)).

Defendant Contreras was aware that he could not be in a relationship with A.G. and he used his position as a Correctional Officer to coerce A.G. Defendant was entrusted with the care of the inmates at the Honolulu Federal Detention Center, and he was under an obligation to behave in an appropriate manner.

The Defendant's position as a Correctional Officer significantly facilitated the commission of the offense. Defendant understood the rules and policies of the Federal Detention Center and utilized an alias name and an e-mail to circumvent the rules against engaging in a relationship with A.G., as well as hide his relationship with her. Defendant's position of trust, his abuse of that position, and his lies about his conduct allowed him to harm A.G.

A.G. is permitted to speak at the sentencing hearing. Kenna, 435 F.3d at 1015-17; 18 U.S.C. § 3771(a)(4); Fed. R. Crim. P. 32(i)(4)(B).

## II. A.G.'s Allocution Is Relevant To Determining Defendant's Appropriate Sentence

There is no limitation on the information concerning the background, character, and conduct of a person convicted of an offense which a sentencing court may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S.C. §

7

3661; United States v. Christensen, 732 F.3d 1094, 1102 (9th Cir. 2013).

Sentencing courts are permitted to consider the widest possible breadth of information about a defendant to ensure that the punishment will suit not only the offense, but also the individual defendant. Pepper v. United States, 562 U.S. 476, 488 (2011).

In this case, the Defendant's relationship with A.G. is of particular importance to the sentencing of Defendant. The relationship with A.G. is part of the conduct Defendant lied about to Department of Justice investigators.

A.G.'s allocution provides greater insight into Defendant's "background, character, and conduct." Christensen, 732 F.3d at 1104. A.G.'s allocution allows the Court to appropriately consider the Defendant's sentence and evaluate the seriousness of the conduct, the need for deterrence, and the threat to the public. Pepper, 562 U.S. at 488.

//

//

//

//

**CONCLUSION**

The Court **FINDS** that A.G. is permitted to allocute at Defendant's sentencing hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13 2017.

Helen Gillmor
United States District Judge

United States v. Diego Contreras, Criminal No. 16-00740HG-01; **ORDER PERMITTING A.G. TO ALLOCUTE AT DEFENDANT'S SENTENCING HEARING**